UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT SIMPER and SHANALEE SIMPER, husband and wife,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>LESLIE JEFFS, ACE TRANSPORTATION SERVICE, DOES I through V inclusive and DOE CORPORATIONS I through V, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:06-cv-1478-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Remand–#7) |

　　　　Before the Court is Plaintiffs' **Motion for Remand** (#7), filed December 15, 2006. The Court has also considered Defendant Leslie Jeff's ("Defendant") Opposition (#10), filed January 2, 2007, and Plaintiffs' Reply (#13), filed January 5, 2007.

**BACKGROUND**

　　　　This case arises out of a November 2, 2004, traffic accident. Plaintiffs filed their Complaint in the Eighth Judicial District Court, Clark County, Nevada on October 4, 2006. On November 20, 2006, Defendant filed a Notice of Removal with this Court. Defendant asserts that the sum of the damages alleged by Plaintiffs is greater than $75,000. For the reasons stated below, the Court finds that Defendant has not carried his burden and Plaintiffs' Motion will be granted.

1

**DISCUSSION**

Defendants have a right to remove a state court case to federal district court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a). The parties only dispute whether there is a sufficient amount in controversy.

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996). "On a motion to remand, the removing defendant faces a strong presumption against removal . . . and any doubts about removability are resolved in favor of remanding the case to state court." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1146 (D. Nev. 2004) (citations omitted).

Defendant has not met his burden to establish the amount in controversy exceeds $75,000. Defendant points to past medical bills ($7,300), car damage ($6,277), Plaintiffs' loss of consortium claim ( > $10,000), Plaintiffs' claim for special damages ( > $10,000), and Plaintiff's claim for general damages ( > $10,000). These amounts do not establish that there is $75,000 in controversy. Defendant has marshaled the medical records related to this action, but the only evidence of further necessary treatment is Dr. Duke's statement that the pain may continue for another year, and Dr. Duke's recommendation for "further conservative care." (Opp'n 4.) Currently, there is no evidence substantively linking the medical records, or any of the other claims, to the jurisdictional amount. The Court is left to speculate what damages could be. Therefore, Defendant has not shown the requisite jurisdictional amount is in controversy by a preponderance of the evidence.

Plaintiffs' request for attorney's fees is denied.

....

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Remand (#7) is GRANTED.

Dated: February 14, 2007.

_____
**ROGER L. HUNT**
**Chief United States District Judge**